**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEREMY CHAVIS,**

 **Petitioner,**

  **v.**                                   **CASE NO 2:05cv-595**
                                           **JUDGE MARBLEY**
**SAMUELS, Warden FCI,**
**MANCHESTER, KY, et al.,**                **MAGISTRATE JUDGE KING**
     **Respondents.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**I.  PROCEDURAL HISTORY**

Petitioner was indicted by the September 8, 2000, term of the Franklin County grand jury on two counts of aggravated murder, in violation of O.R.C. §2903.01, with specifications.  Exhibit 1 to Return of Writ.  While represented by counsel, petitioner proceeded to jury trial and, on November 21, 2001, was found guilty as charged.  Exhibits 4 and 5 to Return of Writ.  He was sentenced to two terms of thirty years to life, plus three years for use of a firearm, all such sentences to run consecutively to each other and to a federal sentence that petitioner was serving.  Exhibits 5 and 6 to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal to the Tenth District Court of Appeals.  He asserted the following assignments of error:

    1.   Whether the court erred to the substantial prejudice of the

> defendant by permitting irrelevant evidence but highly prejudicial
> testimony regarding gang affiliation to be introduced at trial?
>
> 2.   Whether the court erred to the substantial prejudice of the
> defendant when it permitted the State to impeach its own witness in
> violation of Rule 607(A) of the Ohio Rules of Evidence?
>
> 3.  The trial court erred to the substantial prejudice of the defendant-
> appellant by permitting the guilty verdict when defendant-appellant
> did not have the effective assistance of counsel at trial.

Exhibit 10 to Return of Writ.   On February 4, 2003, the appellate court affirmed the judgment of

the trial court.  Exhibit 12 to Return of Writ.  Still represented by counsel, petitioner filed a timely

appeal of the appellate court's decision to the Ohio Supreme Court.  Exhibit 13 to Return of Writ.

He asserted the following propositions of law:

> 1.  The court erred to the substantial prejudice of the defendant by
> permitting irrelevant evidence but highly prejudicial testimony
> regarding gang affiliation to be introduced at trial.
>
> 2.  The court erred to the substantial prejudice of the defendant when
> it permitted the State to impeach its own witness in violation of Rule
> 607(A) of the Ohio Rules of Evidence.

Exhibit 14 to Return of Writ.  On June 11, 2003, the Ohio Supreme Court declined jurisdiction to

hear the case and dismissed the appeal as not involving any substantial constitutional question.

Exhibit 16 to Return of Writ.

On June 21, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

> 1.  Ineffective assistance of counsel.
>
> Attorney did little in adversarial cross examination (hearsay
> testimony, no murder weapon presented, no eyewitnesses,

contradicting testimony).  Attorney did not argue prejudicial alleged gang connections and none were ever proven.  Attorney did not move to suppress any gang related testimony by minor with adult.

2.  Court error substantial to taint and bias jury.

Allowance of repeated gang ties that were never proven.  Innuendo used by prosecution to taint jury.  Denial of mistrial motion (lack of evidence, tainted proceedings, gang ties, conflicting witness, witnesses, illegal testimony by minor that initiated investigation (fruit of the poison tree), denial of Rule 29 motion to dismiss charges).

3.  Constitutional violation.  Initial testimony coerced by threat [of] alerting probation officer.

Detectives on initial contact, taking testimony [sic] used subversion to garner testimony of minor.  No Adult, no lawyer, no Miranda warning, then threatened defendant with alerting probation office which would put defendant back in jail minus any charges at that moment.

It is the position of the respondent that this action is time-barred.  Alternatively, respondent contends that petitioner's claims are procedurally defaulted and without merit.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions.  28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Petitioner's conviction in this case became final on September 9, 2003, or ninety days after the Ohio Supreme Court's June 11, 2003, dismissal of petitioner's direct appeal, when the time period expired for filing a petition for a writ of *certiorari* to the United States Supreme Court. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (2000), citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Ohio, Dept. Of Rehabilitation and Correction,* 331 F.Supp.2d 605, 613 (N.D. Ohio 2004), citing *Bell v. Maryland,* 378 U.S. 226, 232 (1964), and *Bronaugh v. Ohio, supra*. The statute of limitations therefore expired one year later, on September 9, 2004, long before petitioner filed the instant petition on June 21, 2005.[1] Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003).

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be

---

[1] Petitioner signed the petition on June 20, 2005.

**DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 5, 2006                                         *s/Norah McCann King*
                                                         Norah McCann King
                                                         United States Magistrate Judge